Jean G. Vidal-Font SBN No. 266475
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
jvidal@ferraiuoli.com

Eugenio Torres-Oyola (Pro Hac Vice To Be Filed)
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Attorneys for plaintiff: Coho Licensing LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **COHO LICENSING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**LINKEDIN, INC.**<br><br>Defendant. | **CASE NO.: 14-2131**<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 8,667,065**<br><br>**PLAINTIFF REQUESTS TRIAL BY JURY** |

Plaintiff Coho Licensing LLC (hereinafter "Coho" or "Plaintiff"), files its Complaint against Defendant LinkedIn Corporation (hereinafter "LinkedIn" or "Defendant") alleging as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code to prevent and enjoin Defendant from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Coho, from U.S. Patent No. 8,667,065 (the "'065 patent")(attached hereto as Exhibit A) pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## THE PARTIES

2. Plaintiff Coho is a Delaware limited liability company with its principal place of business at 222 Delaware Avenue, PO Box 25130, Wilmington, DE 19899.

3. Defendant LinkedIn is a Delaware corporation with its principal place of business at 2029 Stierlin Court, Mountain View, California 94043. .

## JURISDICTION AND VENUE

4. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Coho and the cause of action Coho has raised, as alleged herein.

6. Defendant has conducted and does conduct business within the state of California, specifically, in the Northern District of California, directly or through intermediaries, resellers,

agents, or offers for sale, sells, and/or advertises its services in Delaware that infringe the '065 patent.

7. In addition to Defendant's continuously and systematically conducting business in California, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of California, specifically, in the Northern District of California, including Defendant's making, using, importing, offering for sale, and/or selling services which include features that fall within the scope of at least one claim of each of the '065 patent.

8. For the foregoing reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§1391(b)(1) and (c)(2) and 28 U.S.C. §§1400(b).

9. An immediate, real, and justiciable controversy exists between Coho and Defendant as to whether Defendant is infringing or has infringed the '065 patent.

## FACTUAL ALLEGATIONS

### *The '065 patent*

10. On March 4, 2014 the United States Patent and Trademark Office ("USPTO") duly and legally issued the '065 patent, entitled "Distributed Processing Multiple Tier Task Allocation" after a full and fair examination.

11. Coho is presently the owner by assignment of the '065 patent, having received all right, title, and interest in and to the '065 patent from the previous assignee of record. Coho possesses all rights of recovery under the '065 patent, including the exclusive right to recover for past infringement.

12. The '065 patent contains one independent claim and nine dependent claims.

1    13. The invention described in the '065 patent includes a system for distributed

2    processing.

3    14. The system for distributed processing described in the '065 patent comprises, in

4    combination: an allocating computing device including a first memory and a first processor; a

5    sub-allocating computing device including a second memory and a second processor; an

6    allocated computing device including a third memory and a third processor; a results computing

7    device including a fourth memory and a fourth processor; a first set of instructions stored in the

8    first memory of the allocating computing device, the first set of instructions, when executed by

9    the first processor, dividing a task into a plurality of task portions, at least one first task portion

10    comprising further divisible portions, (or, ""subtask portions"); a second set of instructions

11    stored in the first memory of the allocating computing device, the second set of instructions,

12    when executed by the first processor, allocating said first task portion to a the sub-allocating

13    computing device via network connectivity; a third set of instructions stored in the second

14    memory of the sub-allocating computing device that, when executed by the second processor, are

15    adapted to await receipt of the first task portion, divide the first task portion into a plurality of

16    subtask portions, and allocates at least one said subtask portion to the allocated computing device

17    via network connectivity; a fourth set of instructions stored in the third memory of the allocated

18    computing device, the fourth set of instructions, when executed by the third processor, are

19    adapted to receive the subtask portion, process the subtask portion, produce at least one result

20    related to the subtask portion, and transfer the result to the results computing device; and a fifth

21    set of instructions stored in the fourth memory of the results computing device, the fifth set of

22    instructions, when executed by the fourth processor, awaiting receipt of the results transferred

1  from the allocated computing device as well as other results related to the first task, and collating
2  all of the received results.

3  *Defendant's Infringement of the '065 patent*

4      15.    LinkedIn uses a system that allows for the distributed processing of large data sets
5  across clusters of computers that form a distributed processing framework. Thus, LinkedIn uses a
6  computer-implemented method for distributed processing in accordance with at least one claim
7  of the '065 patent.

8      16.    LinkedIn's system divides a task into a plurality of task portions. LinkedIn uses a
9  dataset analysis platform for analyzing large data sets that consists of a high-level language for
10 expressing data analysis programs, coupled with a distributed processing system for evaluating
11 these programs. The dataset analysis platform compiles the high-level language into Map-
12 Reduce jobs and executes them in a distributed cluster.

13     17.    An allocating computer for LinkedIn allocates at least one task portion to a sub-
14 allocating computer, which receives the task portion. There are 3 machine roles in a distributed
15 application software framework used by LinkedIn: Client Machines, Job Trackers, and Task
16 Trackers. The Job Tracker coordinates parallel processing of data using Map Reduce. The Client
17 Machine submits Map Reduce jobs to the Job Tracker.

18     18.    A LinkedIn sub-allocating computer allocates subtask portions to allocated
19 computers, which receives the subtask portions. In LinkedIn's distributed processing system, the
20 Job Tracker receives a Map Reduce job consisting of individual map and reduce tasks. For
21 example, the Job Tracker will assign map tasks to be run on various Task Trackers.

22     19.    In a LinkedIn distributed processing system, the subtask portion comprises a
23 portion of the task portion. For example, a Map Reduce Job consists of individual map and

reduce tasks. A distributed processing system job consists of all the files and classes needed to run a Map Reduce job, including the individual map and reduce tasks.

20. A LinkedIn subtask processing computer processes the subtask portion, creating a result. In LinkedIn's distributed processing system, the Task Tracker receives and executes the individual map tasks. When a map task is finished, the results of the computation are stored in local storage as intermediate data.

21. The LinkedIn subtask processing computer transfers the results to a results computer, which receives and stores results from a plurality of computers. In LinkedIn's distributed processing system, the Task Trackers transfer their intermediate data to a node running a reduce task for final computations. The output is a file that is written to a distributed file system.

## COUNT I: DIRECT INFRINGEMENT OF THE '065 PATENT

22. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-21.

23. Taken together, either partially or entirely, the features included in LinkedIn's distributed processing system meet each and every element of the system recited in one or more of the claims of the '065 patent.

24. Defendant directly infringes one or more of the claims of the '065 patent by making, using, selling, offering to sell and/or importing the system for distributed processing described in the '065 patent in violation of 35 USC § 271(a).

## DEMAND FOR JURY TRIAL

25. Coho demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

Coho respectfully prays for the following relief:

1. That Defendant be adjudged to have infringed the '065 patent, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '065 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Coho for Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Coho's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Coho have such other and further relief as this Court may deem just and proper. .

DATED: May 8, 2014

**FERRAIUOLI, LLC**

By: **/s/ Jean G. Vidal-Font**
Jean G. Vidal-Font SBN No. 266475
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
jvidal@ferraiuoli.com

Eugenio Torres-Oyola (Pro Hac Vice To Be Filed)
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Attorneys for plaintiff: Coho Licensing LLC

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6 of this |
| 3 | Court, Plaintiffs hereby demand a trial jury as to all issues so triable. |

DATED: May 8, 2014                                                                 **FERRAIUOLI, LLC**

By: **/s/ Jean G. Vidal-Font**
Jean G. Vidal-Font SBN No. 266475
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
jvidal@ferraiuoli.com

Eugenio Torres-Oyola (Pro Hac Vice To Be Filed)
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Attorneys for plaintiff: Coho Licensing LLC